IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIRECTV, Inc.,

    Plaintiff,

v.                                        Civil No. 03-1370 WJ/WDS

JAMES DELMORE, RICK L. HEISCH,
RICHARD E. MARTINEZ, KEITH PAGE
and SALLY V. SUDDERTH,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING DEFENDANTS BASED ON MISJOINDER

THIS MATTER comes before the Court pursuant to the Court's Order to Show Cause How Defendants are Properly Joined filed January 21, 2004 [Docket No. 3]. Having reviewed Plaintiff's Response to the Order to Show Cause and being fully advised on the law, I find that Defendants are not properly joined under Fed. R. Civ. P. 20.

The purpose of Rule 20 is to promote trial convenience, expedite the final determination of disputes, and avoid multiple lawsuits. See 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001). Rule 20 imposes two requirements for permissive joinder of defendants. First, there must be a right to relief asserted against the defendants in respect of or arising out of the same transaction or occurrence. Second, there must be a common question of law or fact with respect to all defendants that will arise in the case. Both of these requirements must be met in order to join defendants under Rule 20. Watson v. Blankinship, 20 F.3d 383, 389 (10th Cir. 1994).

While the requirement of commonality is easily satisfied in most cases, the transactional relatedness requirement is more difficult to assess. James Wm. Moore, Federal Practice §

20.02[1][a] (3d ed. 2003). There is no bright line test for transactional relatedness, and the facts of each particular case must be assessed individually to determine whether joinder is sensible. Id. at § 20.05[1]. The transactional relatedness test is not an obscure test unique to Rule 20 as it is also used to analyze cross-claims and counterclaims under Fed. R. Civ. P. 13. See Arch Mineral Corp. v. Lujan, 911 F.2d 408, 412 (10th Cir. 1990). While the language of Rule 13 and Rule 20 is not identical, the transactional relatedness requirement is analyzed in the same manner under both rules. Moore, supra, § 20.05[2]; Wright et al., supra, § 1653; see also King v. Pepsi Cola Metro. Bottling Co., 86 F.R.D. 4, 5 (E.D. Pa. 1979) (analogizing the transactional relatedness requirements of Rule 13 and Rule 20). The essence of the transactional relatedness requirement is a test of logical relationship. See Fox v. Maulding, 112 F.3d 453, (10th Cir. 1997).

In the instant case, there is arguably a common question of law or fact among the various Defendants. However, there is no question that Plaintiff's right to relief against each Defendant is not transactionally related to the other Defendants. Plaintiff's Complaint alleges that each Defendant purchased a "pirate access device" from the same vendor,[1] each Defendant is a resident of New Mexico and/or conducts business in New Mexico, and each Defendant's alleged conduct came to light through the execution of Writs of Seizure with the assistance of the United States Marshall's Service on the business and residence of Scott Gray, owner/operator of Computer Shanty. See Plaintiff DirecTV Inc.'s Original Complaint ¶¶ 6, 7, 8, 9, 13, 15, 20-24 and 29.

Plaintiff's Response to the Court's Order to Show Cause attempts to alter the transactional relatedness requirement. Plaintiff urges that joinder is proper when there is a

---

[1]The Complaint refers to The Computer Shanty, apparently owned and/or operated by a Scott Gray, as the business from which records were seized that implicated each Defendant in the purchase of a pirate access device. The Complaint also refers to a business named "Kick Ass Clones" and alleges that each Defendant acquired a pirate access devices from this business. It is not clear at this time whether these businesses bear any relationship to one another.

similarity of transaction or occurrence among various defendants.  See DirecTV's Brief in Response to the Court's Order to Show Cause [Docket No. 6] pp. 4, 5.  The Court is unaware of any case law that equates "same transaction or occurrence" with "similarity of transaction or occurrence."  To the Court's mind, a similarity among transactions or occurrences would only satisfy the prong that requires a common question of law or fact and does nothing to satisfy the requirement that a plaintiff's right to relief against each defendant arise out of the same transaction or occurrence or series of transactions or occurrences.

Plaintiff argues that a sufficient relationship among the Defendants is established by the fact that each Defendant engaged in the same general type of allegedly illegal conduct and that each purchased a pirate access device from the same vendor.  See e.g., DirecTV's Brief in Response to the Court's Order to Show Cause [Docket No. 6] pp. 5, 7.  These facts do nothing to tie the Defendants together in a logical relationship regarding any transaction, occurrence, or series of transactions or occurrences.

The alleged similarity of all the Defendants' conduct does not create a logical relationship among the Defendants such that permissive joinder is justified under Rule 20.  Nor does the fact that the Defendants each happened to make their purchase from the same vendor.  Plaintiff does not allege that the Defendants acted in concert or with a common plan.  There is no common transaction or occurrence or series of transactions or occurrences logically connecting the Defendants to one another.  Therefore, the Defendants in this case are misjoined under Fed. R. Civ. P. 20.

Fed. R. Civ. P. 21 provides that "misjoinder of parties is not grounds for dismissal of an action."  Here, the Court does not propose dismissal of Plaintiff's action, but rather dismissal of all but the first named Defendant in the action.  The Court recognizes that other federal district

3

courts addressing misjoinder of claims in similar cases brought by DIRECTV, Inc. have severed defendants and created new cases for each defendant named in an action.  See DIRECTV, Inc. v. Hurst, Civil No. 03-674-F (W.D. Okla. Aug. 8, 2003) (unpublished Order) (concluding that dismissal of misjoined defendants was not appropriate and severing the claims against the various defendants); In re Cases Filed by DIRECTV, Inc., Supplemental General Order No. 2003-23 (N.D. Ohio Jun 18, 2003) (unpublished Order) (setting out a complex procedure to sever defendants in 44 cases involving approximately 320 defendants).  Ordering the Clerk of Court for the District of New Mexico to sever out numerous misjoined Defendants would, however, place a heavy burden on the Clerk whose staff is already overburdened with a huge number of southwest border related cases.  The burden of correcting the misjoinder should properly be placed on Plaintiff as it was Plaintiff's decision to group these Defendants together in filing this case.

Additionally, while Rule 21 provides that an action may not be dismissed for misjoinder, it does provide that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of an action and on such terms as are just."  Thus, in accordance with Rule 21, I will order that all Defendants other than James Delmore, the first named Defendant in the instant case, be dismissed from this action without prejudice.  Plaintiff may refile its Complaint against each Defendant dismissed from this case provided that Plaintiff files a separate Complaint and pays a separate filing fee with regard to each Defendant.

**CONCLUSION**

IT IS THEREFORE ORDERED that pursuant to Fed. R. Civ. P. 21, Defendants Rick L. Heisch, Richard E. Martinez, Keith Page and Sally V. Sudderth are hereby DISMISSED from this action WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that if Plaintiff DIRECTV, Inc. elects to reassert its claims

against these Defendants by filing separate cases against them within 30 days of this Order, the newly filed Complaints shall relate back to the date on which the original Complaint in this case was filed.

IT IS FURTHER ORDERED that this case shall remain pending as to Defendant James Delmore.

IT IS FINALLY ORDERED that the caption of this case is hereby amended as follows:

**DIRECTV, INC.,**

  **Plaintiff,**

**v.**                 **Civil No. 03-1370 WJ/WDS**

**JAMES DELMORE,**

  **Defendant.**

_____
UNITED STATES DISTRICT JUDGE